UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ECM CONVERTING COMPANY,

        Plaintiff,

Case No. 1:07-CV-386

v.

Hon. Richard Alan Enslen

CORRUGATED SUPPLIES
COMPANY,

**ORDER**

        Defendant.
_____/

This matter is before the Court on the Motion to Dismiss of Defendant Corrugated Supplies Company ("Corrugated"). Plaintiff ECM Converting Company ("ECM") has opposed the Motion, which has been fully briefed. Upon review of the briefing, the Court determines that oral argument would not be helpful in light of the briefing. *See* W.D. Mich. L. Civ. R. 7.3(d).

Corrugated has moved to dismiss this action for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The allegations of the complaint must be construed in the favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The rules generally require only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Court's review must "accept as true all factual allegations and permissible

inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345-348 (6th Cir. 2007).

This is a diversity breach of contract against Corrugated on the theory that the corporate veil between Corrugated and BlueQue Systems, LLC should be pierced. ECM has alleged in its Complaint that Corrugated was the controlling member of BlueQue Systems, LLC ("BlueQue"). (Compl. ¶ 11.) It has further alleged that Corrugated controlled all of BlueQue's business operations and decisions and used BlueQue as a mere instrumentality. (*Id.* at ¶¶ 12, 15, 18.) ECM has alleged, by inference, that BlueQue was not sufficiently capitalized and that the software and services it provided to ECM were unusable. (*See id.* at ¶¶ 6, 9, 16.) ECM has also alleged by inference that Corrugated received directly the contract payments from ECM regarding the BlueQue contract in order to put those funds outside of the reach of BlueQue's creditors. (*See id.* at ¶¶ 13, 16.) ECM likewise has specifically alleged that BlueQue's corporate structure was used by Corrugated to perpetrate fraud. (*See id.* at ¶¶ 16 & 18.D.)

This is a diversity suit premised on Illinois law. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 433 (6th Cir. 2004). Under Illinois law, piercing the corporate veil is a disfavored remedy. To prevail on such a claim, the Court must find: (1) a unity of interest and ownership that causes the separate personalities of the corporate entities; and (2) the presence of circumstances under which adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice or promote inequitable consequences. *Jacobson v. Buffalo Rock Shooters Supply, Inc.,* 664 N.E.2d 328, 331 (Ill. Ct. App. 1996). Courts are reluctant to pierce the corporate veil. *Id.* Illinois courts look at a number of factors to determine whether to pierce the veil, including: inadequate capitalization; failure to issue stock; failure to observe

corporate formalities; nonpayment of dividends; insolvency of the debtor corporation; non-functioning of the other officers or directors; absence of corporate records; commingling of funds; diversion of assets from the corporation by or to a shareholder; failure to maintain arm's-length relationships among related entities; and whether the corporation is a mere facade for the operation of the dominant shareholders. *Id.*; *see also Cosgrove Distribs., Inc. v. Haff*, 798 N.E.2d 139, 141-42 (Ill. Ct. App. 2003).

While piercing the corporate veil is a disfavored remedy under Illinois law, the Court believes the allegations here are minimally sufficient to state a claim for the remedy. This is especially so given the liberal standards for review of pleadings which this Court must employ. *See Leatherman*, *supra*.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Corrugated Supplies Company's Motion to Dismiss (Dkt. No. 3) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 21, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |