UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ECM CONVERTING COMPANY,
MANCHESTER SUB ACQUISITION, LLC,[1]

Plaintiff,

v.

CORRUGATED SUPPLIES COMPANY, LLC,[2]

Defendant.

Case No. 1:07-cv-386

HONORABLE PAUL MALONEY

**OPINION AND ORDER**

**Denying without Prejudice the Plaintiff's Application for a Default Judgment;**
**Directing the Defendant to Pay Interest due to its Late Payment of the Second Installment**

ECM Converting Company - Manchester Sub Acquisition, LLC ("ECM") sued Corrugated Supplies Company, LLC ("Corrugated") in Michigan state court in March 2007, and Corrugated timely removed the case here in April 2007. Corrugated moved to dismiss the complaint for failure to state a claim, ECM filed an opposition brief in May 2007, and Corrugated filed a reply brief in June 2007. Judge Enslen issued an opinion and order [document #10] denying Corrugated's motion

---

1 By order issued April 21, 2008, Magistrate Judge Carmody granted ECM's motion to substitute Manchester Sub Acquisition, LLC as the plaintiff. [Document #42]

2 By order issued January 9, 2008, Magistrate Judge Carmody granted ECM's motion to amend/correct the name of the defendant from Corrugated Supplies Company to Corrugated Supplies Company, *LLC*. [Document #26]

to dismiss, whereupon Corrugated filed an answer [document #12] in July 2007 and the case was re-assigned to this judge. Magistrate Judge Carmody conducted a case management and scheduling conference in August 2007 [document #15], and the case was referred to neutral evaluation in September 2007 [document #16].

In June 2008 Corrugated filed a motion for summary judgment [document #54], but the parties reached a settlement. This court approved the parties' joint stipulation and dismissed the action with prejudice on October 6, 2008. [Document #65]. The settlement obligated Corrugated to make three payments to ECM, without interest: $35,000 at the time of dismissal, $30,000 by December 29, 2008, and $30,000 by June 30, 2009. *Id.* It is undisputed that Corrugated timely made the first payment at the time of dismissal, bringing the balance due down to $65,000. *See* Affidavit of ECM Counsel Stephen J. Hessen, Esq., dated January 13, 2009 ("ECM Hessen Aff") ¶ 2.

But Corrugated did not meet the second installment-payment deadline of December 29, 2008. At 9:10 a.m. on Monday, January 12, 2009, ECM's counsel sent an e-mail to Corrugated's counsel that stated, in its entirety: "No payment was received. Do you know the status?" *See* Corrugated's Brief in Opposition to Default Judgment ("Def Opp"), Ex A. Corrugated states, without contradiction from ECM, that "[a] telephone conversation occurred later in the day in which Plaintiff's counsel was advised that payment would immediately be sent." Def Opp at 1 ¶ 2. It is undisputed that Corrugated sent the second installment payment ($30,000) that same day to ECM by Federal Express overnight mail, and that ECM received the check at 11:09 a.m. on Tuesday, January 13, 2009. *See* Def Opp at 1 ¶ 3 and Ex B (Federal Express tracking information).

On the afternoon of Tuesday, January 13, 2009, *after* receiving the second installment

payment, ECM filed an application for default judgment in the form of an affidavit by its counsel. ECM's application, electronically filed with this court at 3:15 p.m., makes *no mention* of the fact that ECM had received Corrugated's second installment payment over four hours earlier.

At 10:30 a.m. on Wednesday, January 14, 2009, ECM's counsel sent an e-mail to Corrugated's counsel which stated, in its entirety,

> I tried to return your call earlier this morning. You will undoubtedly ask that the judgment [settlement] be set aside. We will not agree. I sent a reminder notice before Christmas that the [second] payment was due. We actually waited approximately 10 days before doing anything. We will stand by the judgment. We're able to collect interest, costs and attorney fees. At this point if your client wants to conclude this matter[,] payment in full which includes attorney fees, costs and interest need to be paid.
>
> When Mr. Stern called me Monday to say that the [second] payment would be sent[,] I did not state that we would not pursue judgment.

Def Opp, Ex C. Corrugated charges that ECM's counsel "remained purposefully silent, knowing that Defendant was assuming that immediate payment would be considered a cure of the default." Def Opp at 2 ¶ 7. Corrugated continues, "Plaintiff then received and accepted the payment that was sent the very night of Plaintiff's notice of non-payment, and then filed its application for default." *Id.* Corrugated essentially contends that because it detrimentally relied on ECM's implicit promise, ECM should be equitably estopped from seeking default judgment due to Corrugated's tardiness in making the second installment payment:

> Such conduct is pure tricksterism and is anathema to the spirit of civility that should be observed in federal court practice. Having lulled Defendant into sending payment on the assumption that such payment would be considered a cure of the default (of which Defendant had give[n] notice earlier that day), Plaintiff should be precluded from seeking any default at this time.

Def Opp at 2 ¶ 8.

**The court will not entertain ECM's application for default judgment at this time, because it fails to state that ECM contacted opposing counsel and asked for concurrence in the application before filing it. W.D. MICH. LCIVR 7.1(d)**, Attempt to Obtain Concurrence, provides:

> *With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.* In addition, in the case of all discovery motions . . . . *All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.*

Emphasis added. "The importance of the communication required by this rule . . . cannot be overstated." *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Miles, J.).

"The remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice . . . ." *Piers v. Higgs*, 2009 WL 210997, *2 (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (citing *Yetman v. CSX Transp., Inc.*, 2009 WL 35351, *1 (W.D. Mich. Jan. 6, 2009) (Maloney, C.J.)). *See, e.g., Aslani v. Sparrow Health Sys.*, 2008 WL 4642617 (W.D. Mich. Oct. 20, 2008) (Maloney, C.J.) (denying motion without prejudice for failure to comply with LCivR 7.1(d)); *Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the local court rule, W.D. MICH. LCIVR 7.1(d) . . . .").[3]

This is not a case where the non-compliant movant seeks judgment on a ground that cannot

---

3

*Cf. Deuel v. Law Offices of Timothy E. Baxter & Assocs., PC*, 2008 WL 482850, *1 (W.D. Mich. Feb. 19, 2008) (Brenneman, M.J.) (denying defendant's motion for a more definite statement because it "failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed" and failed to file a supporting brief, violating W.D. MICH. LCIVR 7.1(d) and 7(a));

*Silver v. Giles*, 2007 WL 2219355, *1 n.1 (W.D. Mich. July 27, 2007) (Miles, J.) ("In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d). Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be stricken.")

be waived or forfeited, such as lack of subject-matter jurisdiction. The court might exercise discretion not to strike such a motion for counsel's failure to timely comply with a "technical" local rule before filing. *Contrast CMS North America, Inc. v. DeLorenzo Marble & Tire, Inc.*, 521 F. Supp.2d 619, 631-32 (W.D. Mich. 2007) (Maloney, J.) ("It appears that CMS violated our Local Civil Rule 7.1(d) by failing to consult opposing counsel before filing its remand motion. Nonetheless, the court rejects DeLorenzo's suggestion that such a violation can justify ignoring the absence of subject-matter jurisdiction. While the requirement that a court have *personal* jurisdiction is a due process right that can be waived either explicitly or implicitly, *subject-matter* jurisdiction is not subject to waiver or forfeiture.") (citations and internal quotation marks omitted).

**In any event, even if ECM had complied with the Local Civil Rules, its application does not present a strong case for default judgment.** Default judgment is a harsh measure, not to be imposed lightly. *See Gatov v. Aetna Life Ins. Co.*, 2008 WL 4387025, *1 (E.D. Mich. Sept. 24, 2008) (Steeh, J.) ("Default judgment is a drastic remedy that should only be applied in the most extreme cases.") (citing *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 709 F.2d 839, 845 (6th Cir. 1983)). For this reason, while entry of default judgment is "within the discretion of the trial judge, the Court of Appeals 'will not require a glaring abuse of discretion to reverse a district court's [entry of default judgment or its] refusal to relieve a party of the harsh sanction of default [judgment].'" *US v. Real Property Located at 1447 Plymouth, S.E., Grand Rapids, Michigan*, 702 F. Supp 1356, 1360 (W.D. Mich. 1988) (Hillman, C.J.) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 397-87 (6th Cir. 1987)).

Default judgment is especially inappropriate where the applicant fails to show bad faith or a pattern of delay or obstruction. *See, e.g., Fox v. Riverdeep, Inc.* 2008 WL 5244297, *7 (E.D.

Mich. Dec. 16, 2008) (O'Meara, J.) ("Because there has been no showing of bad faith, a default judgment in an unduly harsh sanction."); *King v. Ocwen*, 2008 WL 111260, *1 (E.D. Mich. Jan. 8, 2008) (Edmunds, J.) ("It is beyond dispute that the entry of default judgment against any Defendant, under the facts of this case, would constitute a harsh sanction. I find no element of willfulness or bad faith in the conduct of the Defendants [who filed late answers to the amended complaint].").

The court is not convinced that Corrugated acted in bad faith, either in entering the settlement agreement or in failing to pay the second installment on time – especially given Corrugated's immediate tender of a check for the second installment, by overnight express courier, within hours of ECM's reminder or complaint that the installment was late. In addition, Corrugated's second installment payment was only sixteen days late, hardly an egregiously long time in the context of this case. *Cf., e.g., Thorn v. Northside Hosp.*, 2008 WL 647656, *1 (W.D. Mich. Mar. 7, 2008) (Miles, J.) ("PLIC's one week delay in filing its answer, in conjunction with its subsequent participation in this matter, is not so extreme as to warrant a default judgment, as such conduct does not demonstrate a clear failure 'to plead or otherwise defend.'").[4]

---

4

*Cf., e.g., Sanders v. Wayne Cty.*, 87 F. App'x 449, 452 (6th Cir. 2003) (p.c.) (Merritt, Daughtrey, Gibbons) ("We find no error in the district court's denial of Sanders's motion for a default judgment, as the defendants' two-day filing delay [sic] of their motion for summary-judgment is not so extreme as to warrant relief in the form of a default judgment.");

*Miller v. Palmer*, 2000 WL 1578357, *2 (6th Cir. Sept. 27, 2000) (p.c.) (Batchelder, Cole, 8th Cir. J. John Gibson) ("While the defendants' motion was filed four days beyond the deadline established by the magistrate judge, the untimely filing is not so extreme as to warrant relief in the form of a default judgment, as such conduct does not demonstrate a failure 'to plead or otherwise defend.'") (quoting FED. R. CIV. P. 55(a)).

*Contrast In re Taylor*, 370 B.R. 122 (E.D. Mich. 2007) (Lawson, J.) (affirming bankruptcy court's entry of default judgment as a sanction for debtor's admittedly unjustified failure to comply in timely fashion with court's "last chance" order, which directed them to respond to discovery requests that had been served on them *nine months* earlier).

**Moreover, the court is permitted to consider ECM's own conduct when evaluating the propriety of default judgment against its adversary.** *See Arnold v. Treadwell*, 2007 WL 3037995, *2 (E.D. Mich. Oct. 18, 2007) (Gadola, J.) ("'Plaintiff's actions also may be relevant; [for example,] if plaintiff has engaged in a course of delay or has sought numerous continuances, the court may determine that default judgment would not be appropriate.'") (quoting Wright, Miller & Kane, FED. PRAC. & PROC. § 2685 (1998)). ECM's counsel admittedly gave no indication that he intended to seek default judgment even if Corrugated promptly paid the second installment; the court finds that a reasonable person in Corrugated's situation would expect that the payment would rectify the situation and obviate the need for further litigation. When ECM's counsel e-filed the application for default judgment, he presumably knew that ECM had already received a check for $30,000 earlier that day; he has not denied that he had such knowledge before he applied for default judgment. In other words, ECM sought the drastic measure of default judgment even though it knew Corrugated had acted very quickly to cure its non-compliance with the settlement agreement. The court does not impugn the integrity of ECM's counsel, but merely notes that the circumstances rendered its application for default judgment unnecessary, ill-advised, and not well-supported in Equity.

**Finally, the court need not resort to default judgment when a far less severe measure can compensate ECM for Corrugated's slight tardiness in paying the second installment.** *See generally Kemp v. Pfizer, Inc.*, 152 F.R.D. 556, 559 (E.D. Mich. 1993) (when considering whether to enter default judgment as a sanction, "the court will consider such factors as . . . whether 'less drastic sanctions were imposed or considered' before entering a default judgment") (quoting

*Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988)), *order vac'd ab initio on other grounds*, 964 F. Supp. 245 (E.D. Mich. 1997) (parties reached settlement agreement, and plaintiff retroactively withdrew application for default judgment and the accompanying allegations).

ECM has received all the monies to which it is thus far entitled under the settlement; it merely had to wait an extra sixteen days for $30,000 of the $65,000 paid thus far. As Judge Ludington of our sister court recently wrote, "mere delay in satisfying plaintiff's claim is not sufficient prejudice to satisfy a default judgment", at least where the delay is short and "result[ed] from an honest mistake [rather than] willful misconduct or extreme carelessness." *Willis v. Valley Residential Servs.*, 2007 WL 295013, *2 (E.D. Mich. Jan. 29, 2007) (citing *United Coin Meter Co.* 705 F.2d at 845).[5] An award of interest on the second installment payment is enough. It compensates ECM for the actual cost of the delay without punishing or unduly burdening

---

5

For examples of courts imposing sanctions short of the requested default judgment, *see:*

*Fox v. Riverdeep, Inc.* 2008 WL 5244297, *7 (E.D. Mich. Dec. 16, 2008) (O'Meara, J.) ("It is undisputed that Riverdeep took no steps whatsoever to preserve e-mails or documents related to Fox's potential claim anytime between 2004 and 2007. The facts do not suggest, however, that Riverdeep acted in bad faith or deliberately destroyed evidence. Nonetheless, Riverdeep clearly knew about Fox's potential claim in May 2004 and its failure to preserve evidence is sanctionable. * * * The court will instruct the jury that it may presume that any missing documents or categories of documents identified by Plaintiff are unfavorable to Riverdeep.");

*Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1172 (E.D. Mich. 1978) (Joiner, J.) ("Since it does not appear that plaintiffs have been severely prejudiced by defendant's failure to answer counts one and two in a timely fashion and since default judgment is a harsh remedy, it appears to allow the defendant an opportunity to file its answer within 10 days . . . . However, Defendant shall pay the costs and attorney's fees incurred by plaintiffs to bring this motion as a condition to such belated filing.") (citing *Hanley v. Volpe*, 48 F.R.D. 387 (E.D. Wis. 1970)).

Corrugated.[6]

**The court must determine an appropriate interest rate.** Because the court entered judgment pursuant to the parties' joint stipulation and settlement before Corrugated made its untimely payment, the court is dealing with *post*–judgment interest. "[F]ederal law controls postjudgment interest but state law governs awards of prejudgment interest." *Estate of riddle v. So. Farm Bur. Life Ins. Co.*, 421 F.3d 400, 409 (citing, *inter alia*, *FDIC v. First Heights Bank*, 229 F.3d 528, 542 (6th Cir. 2000)); *accord Tobin v. Liberty Mut. Ins. Co.*, – F.3d –, –, 2009 WL 159414, *19 (1st Cir. Jan. 23, 2009) ("It is well established that prejudgment interest is a substantive remedy governed by state law when state-law claims are brought in federal court, while *post-judgment interest, even on state-law claims, is governed by federal law*." ) (citations omitted) (emphasis added). The federal post-judgment interest statute provides, in pertinent part,

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. * * * Such interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors for the Federal Reserve System, for the calendar week preceding the date of judgment. * * *

28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment except as provided in [28 U.S.C. § 2516(b)] and [31 U.S.C. § 1304(b)], and shall be compounded annually." 28 U.S.C. § 1961(b).

---

6

*Cf. Moulas v. The Markab*, 252 F.2d 240 (4th Cir. 1958) ("There was delay on the part of respondent in complying with the [settlement] agreement and counsel for appellant moved for default judgment. [A]n order was entered to the effect that judgment for $3,000 and interest in accordance with the settlement would be granted unless payment was made within twenty days. Payment was not made within that period . . . . Appellant then made motion for judgment in accordance with the terms of the order. Judgment was signed for the amount agreed upon with interest to the date of tender . . . .").

**By contrast, entering default judgment for an amount that includes attorneys' fees and costs, and possibly pre-judgment interest, would give ECM a windfall out of proportion to the limited, and readily quantifiable harm it suffered by not having the use of the second installment payment for 16 days.** *Greentree Fin. Group, Inc. v. Execute Sports, Inc.*, 163 Cal. App.4th 495 (Cal. App. 2008) is instructive. The complaint there asked for $45,000 and the parties settled for "$20,000 payable in two installments, and agreed that upon default, judgment would be entered for the amount in the prayer plus attorneys' fees and costs." When the defendant failed to make the first installment payment, the trial court entered judgment for $61,000, representing principal, pre-judgment interest, and attorneys' fees. The state court of appeals reversed, focusing on the fact that damages for a delay in paying money are easily determinable and the judgment was excessive because it was three times the agreed settlement amount. The court viewed the difference between the settlement and the default judgment to be effectively a $40,000 late-payment penalty which bore no reasonable relationship to any *actual* damages suffered due to the delayed payment. Likewise here, the sum sought by ECM would not bear a reasonable relationship to the actual damages caused by the 16-day delay.

The third and final installment payment, in the amount of $30,000, is due on June 30, 2009. If Corrugated *again* fails to make timely payment, the court might then look more favorably on a motion by ECM for default judgment or other more-substantial sanction. For now, interest for the 16-day delay of the second installment is enough.

**ORDER**

**The plaintiff's application for default judgment [document #____] is DENIED without prejudice** for failure to comply with W.D. MICH. LCIVR 7.1(d).[7]

**No later than Friday, March 13, 2009, or 14 days after agreement on the interest amount whichever is later, defendant SHALL PAY plaintiff interest** attributable to its late payment of the $30,000 second settlement installment.

**Interest SHALL be due for the period** from December 30, 2008 (the day after said payment was due) through January 13, 2009 (when plaintiff received the check for said payment), inclusive.

**Per 28 U.S.C. § 1961(a), the interest rate is:**

0.____ % for December 30, 2008

0.____ % for December 31, 2008

0.____ % for January 1, 2009

0.____ % for January 2, 2009

0.____ % for January 3, 2009

0.____ % for January 4, 2009 [8]

---

7

*See Griffin v. Reznick*, – F. Supp.2d – , 2008 WL 5110528, *6 (W.D. Mich. 2008) (Maloney, C.J.) ("'[F]ailure to follow Local Rule 7.1(d) provides a sufficient basis in itself to deny a motion . . . .'") (quoting *Krygoski Const. Co., Inc. v. City of Menominee*, 2006 WL 2092412, *2 (W.D. Mich. July 26, 2006) (Edgar, J.)).

8 *See* http://www.federalreserve.gov/releases/h15/20081229 for rates from December 29, 2008 through January 4, 2009.

0.____ % for January 5, 2009 [9]

0.____ % for January 6, 2009

0.____ % for January 7, 2009

0.____ % for January 8, 2009

0.____ % for January 9, 2009

0.____ % for January 10, 2009

0.____ % for January 11, 2009

0.____ % for January 12, 2009 [10]

0.____ % for January 13, 2009

Per 28 U.S.C. § 1961(b), interest **SHALL BE** computed daily and compounded annually.

The parties **SHALL CONFER** and together calculate and agree upon the interest amount.

**IT IS SO ORDERED on this 13th day of February 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[9] *See* http://www.federalreserve.gov/releases/h15/20090105 for rates from January 5, 2009 through January 11, 2009.

[10] *See* http://www.federalreserve.gov/releases/h15/20090112 for rates from January 12, 2009 through January 18, 2009.